### In re HENDERSON.

(District Court, N. D. Georgia. May 15, 1913.)

No. 3,339.

BANKRUPTCY (§ 260*)—JURISDICTION OF COURT—DETERMINING VALIDITY OF LIEN.

In a proceeding by a trustee for an order authorizing the sale of real estate in his possession, the bankruptcy court is without jurisdiction to cite into court a mortgagee of such real estate and adjudicate upon the validity of his mortgage, without his consent and over his objection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 360; Dec. Dig. § 260.*]

In the matter of C. E. Henderson, bankrupt. On petition by H. A. Ferris, trustee, for an order to sell real estate and for the determination of the validity of a lien thereon. Petition denied.

Moore & Pomeroy, of Atlanta, Ga., for trustee.
D. W. Blair, of Marietta, Ga., for Marietta Trust Co.

NEWMAN, District Judge. The question before the court now is on a petition of H. A. Ferris, trustee for C. E. Henderson, bankrupt, which shows that certain real estate, which is described in the petition, was scheduled by the bankrupt as a part of his estate. The petition further shows that the property had been appraised by appraisers appointed by the court, and is now rented by the trustee and the rentals collected by him. The trustee states that it is for the best interests of the estate that this property be sold, and requests that he be authorized to sell the same.

He then states that there is of record upon the books of the clerk of the superior court of Cobb county, Ga., an instrument purporting to be a deed to secure a loan, executed by C. E. Henderson to Marietta Trust & Banking Company, of date January 11, 1910, given to secure the principal sum alleged to be due such bank of $10,625, and that

said instrument was filed for record in the office of the clerk of the superior court on October 8, 1912, at 9 o'clock a. m.

The trustee then charges that the deed is void, and of no force and effect, first, because the lien of the trustee is superior to that of the Marietta Trust & Banking Company, because said instrument was filed for record on the 8th day of October, 1912, the day subsequent to the adjudication of said C. E. Henderson as a bankrupt herein, said adjudication being on the 7th day of October, 1912; second, that the property is not described with sufficient definiteness and certainty to constitute a legal conveyance of the same; third, because the instrument was withheld from record for the purpose of, and had the effect of, bolstering up the credit of said C. E. Henderson, and thereby defrauding the other creditors of said C. E. Henderson; fourth, because the debt described in the instrument has been fully paid and satisfied, and none of said amount as specified therein is now due and payable.

The trustee shows that said alleged security deed is a cloud upon the title of the trustee, and will prevent said property from bringing its full and fair market value, unless the same is ordered sold free from said alleged lien, and unless said alleged lien is ordered canceled and the same declared to be inferior to the rights and lien of said trustee.

Wherefore, considering the above and foregoing, the trustee prays that the Marietta Trust & Banking Company be made a party respondent herein, that it be ordered and directed to show cause why its alleged claim of lien should not be held to be void and inferior to the rights of the trustee, and that he be authorized to advertise and sell said property at such time and place as the court may decree, free from the liens and claims of said Marietta Trust & Banking Company, and free from the claims and liens of all persons whomsoever.

The Marietta Trust & Banking Company appeared, and in the pleadings filed by it denies the jurisdiction of the court to determine the validity of the defendant's deed to the property referred to in this petition, and declines to consent for the court so to do. It then, without waiving its denial of jurisdiction, sets up that the several claims of the trustee as to the invalidity of this mortgage are not good and sufficient.

This petition of the trustee, while apparently asking mainly for authority to sell, also brings into question the validity of this deed to the Marietta Trust & Banking Company to secure the amount of money named above.

The petition of the trustee appears to have been presented to the referee on the 15th of November, 1912, who made an order making the Marietta Trust & Banking Company a party respondent to this petition, and the further order that all parties at interest show cause before him on the 30th of November, 1912, why the prayer of the trustee should not be granted, and the property therein described be sold free from the liens and claims of all persons whomsoever. The trustee was deputized to make service of the petition by serving a copy upon the cashier or other officer of the Marietta Trust & Banking Company. This service was acknowledged by counsel for the Marietta Trust & Banking Company.

I do not believe that the validity of this deed to secure the Marietta Trust & Banking Company can be passed upon and determined in this proceeding. It seems to me that a plenary proceeding of some sort will be necessary. As will be seen, there is no subpœna—simply an order by the referee to show cause. If the Marietta Trust & Banking Company had been present by its counsel in the proceedings which have taken place for the taking of testimony, etc., without objecting, it might be, in view of the fact that the evidence seems to have been pretty thoroughly taken, that the case should now be decided on what is before the court; but the Marietta Trust & Banking Company has been objecting all along, by demurrer and otherwise, to the jurisdiction of the court, and claiming that a plenary suit should be instituted against it before the validity of the security deed should be considered or determined.

I have, until recently, thought that this case could be determined on the present record, and for that reason have called upon counsel for briefs on certain questions affecting the merits of the matter; but, having looked into it more carefully, I am satisfied now that this cannot be done, and that the trustee must proceed by a plenary proceeding to remove this incumbrance from the property in question, if he can do so.

The result of this is that I must deny the present petition, although it seems to me it would be wise for counsel to agree, if they can do so, to sell the property and litigate over the proceeds. I have not been informed of the extent to which income is being derived from the property, which is a matter to be considered in connection with the question of speeding the sale.

All that is said here, and any order that may be taken, is, of course, without prejudice to the trustee in taking such action as he may hereafter be advised.